IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISA CHICAGO WHOLESALE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Wayne R. Andersen |
| v. | ) | District Judge |
| | ) | |
| FAHAD KHAN, EVELINA SHPOLYANSKAYA (a/k/a EVELINA SHPOLYANSKY and a/k/a EVELINA KHAN) and MAK & SONS, INCORPORATED, | ) ) ) ) ) | Case No. 09 C 3942 |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of Defendants Ahmed Khan and Evelina Shpolyanskaya to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue. For the following reasons, we deny the motion to dismiss.

## BACKGROUND

Plaintiff ISA is a wholesaler headquartered in Illinois. Plaintiff's Complaint alleges that, prior to moving to California, Defendant Ahmed Khan resided in Illinois and was employed by ISA in Illinois. In the summer of 2007 and, while still residing in Illinois, Defendants Khan and Shpolyanskaya enlisted ISA's assistance in becoming distributors of tobacco products sold by ISA. See Compl., ¶10-13. Defendants informed ISA's president that they wished to start their own tobacco distribution company and move to California. ISA allegedly helped Defendants move to California from Illinois and extended Defendants credit upon which to purchase tobacco products from ISA in Illinois. Id.

Upon moving to California, Defendants began placing orders on credit with ISA's offices located in Illinois. See Compl., ¶¶10-13. ISA shipped the products from its offices in Illinois to California, and Defendants remitted payment to ISA in Illinois. Between August and November 2007, Defendants allegedly placed twenty-three orders with ISA in Illinois. ISA allegedly shipped twenty-one orders to Defendants from Illinois and Defendants remitted over $3,000,000 in payments to ISA in Illinois. Id. Defendants allegedly phoned ISA in Illinois approximately three times a week to place orders and discuss on-going business. Defendant Khan allegedly also travelled to Illinois to meet with ISA regarding their business relationship. See Inayat Decl., ¶11.

## DISCUSSION

In ruling on a motion to dismiss, the court must accept as true each of the factual allegations of the complaint. *Lashbrook V. Oerkfitz*, 65 F.3d 1339, 1343 (7th Cir. 1995). The court views the factual allegations, and all reasonable inferences to be drawn therefrom, in the light most favorable to the plaintiff. *Colfax Corp. v. Illinois State Toll Way Authority*, 79 F.3d 631, 643 (7th Cir. 1996). When considering a Rule 12(b)(3) motion, this Court "must take all allegations in the complaint as true (unless contradicted by affidavit), draw all reasonable inferences in favor of plaintiff, and may examine facts outside the complaint." *Hanyuan Dong v. Garcia,* 553 F. Supp. 2d 962, 964 (N.D. Ill. 2008) (citing *Rotec Indus., Inc. v. Aecon Group, Inc.,* 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006); *see also Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir. 1987).

Under 28 U.S.C. §1391(a)(2), venue is proper where a "substantial part" of the events giving rise to the claim occur. A "substantial part" of the events giving rise to a claim can occur

2

in more than one place. *Citadel Group Ltd. v. Wash. Reg. Medical Center*, 5423553, *2 (N.D. Ill. Dec. 29, 2008). The test is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in the particular district. *Id*. (quoting *TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998)). "[I]t is not necessary that the chosen forum be the venue with the strongest contacts with the events underlying suit--its connection to those events need only be "substantial." *Electroplated Metal Solutions v. American Services, Inc.*, 500 F. Supp. 2d 974, 977 (N.D. Ill. 2007).

As demonstrated in the Complaint, a substantial portion of the events giving rise to ISA's claims occurred in this District. The parties' relationship was formed in Illinois and spanned several years. Defendants also placed purchase orders with ISA in Illinois, received shipments sent by ISA from Illinois and remitted payment to ISA in Illinois—not just once or twice but scores of times. Defendant Khan also came to Illinois to meet with ISA representatives shortly before the parties' relationship deteriorated. Therefore, we find that a substantial portion of the events giving rise to ISA's claims occurred in the Northern District of Illinois.

At most, Defendants argue that venue might also be proper in California. This does not, however, negate the fact the venue is proper here. ISA has met its burden of establishing that venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(a)(2). Therefore, Defendants' motion to dismiss for lack of venue is denied.

## CONCLUSION

For the foregoing reasons, we deny the motion of Defendants Ahmed Khan and Evelina Shpolyanskaya to dismiss Plaintiff's Complaint. [#6]  This case is set for status on October 29, 2009 at 9:00 a.m. in Courtroom 1403.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: September 28, 2009

4