# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ISA CHICAGO WHOLESALE, INC.     ) | |
| ) | |
| **Plaintiff,**     ) | |
| **v.**     ) | |
| ) | **No. 09 CV 3942** |
| **FAHAD KHAN, EVELINA**     ) | |
| **SHPOLYANSKAYA (A/K/A EVELINA**     ) | **Judge Andersen** |
| **SHPOLYANSKY and A/K/A EVELINA**     ) | **Magistrate Judge Susan E. Cox** |
| **KHAN) and MAK & SONS,**     ) | |
| **INCORPORATED,**     ) | |
| ) | |
| **Defendants.**     ) | |

## MEMORANDUM OPINION AND ORDER

## INTRODUCTION

The plaintiff, ISA Chicago Wholesale, Inc. ("ISA"), has charged defendants Fahad Khan ("Khan"), Evelina Shpolyanskaya ("Shpolyanskaya") and Mak & Sons, Inc. ("MSI") with fraud, breach of contract, action on account, account stated, and unjust enrichment. Khan and Shpolyanskaya (collectively, "defendants") reside in Los Angeles, California, but ISA brought suit in Chicago, Illinois. At issue here are certain depositions that ISA has noticed up to take place in Chicago. Defendants seek a protective order pursuant to Federal Rule of Civil Procedure 26(c), requiring that: 1) any depositions of defendants occur in June 2010 at the earliest; 2) the depositions take place in California, preferably when ISA's president Mr. Muhammed Inayat ("Inayat") appears in California on a different matter; and 3) ISA be required to pay for costs associated with the depositions, including, but not limited to, defendants' counsel's travel expenses. Defendants' request with respect to the timing of the depositions is now moot. The Court is left with the questions of

location and cost of the depositions. For the reasons discussed herein, the motion for protective order is denied.[1]

## FACTUAL BACKGROUND

ISA is an Illinois corporation with its principal place of business in this state.[2] ISA distributes cigars and other tobacco related products to wholesalers throughout the United States.[3] Inayat is the owner and president of ISA.[4] Defendant Khan began working for ISA in 2002, at which time he allegedly met and married defendant Shpolyanskaya.[5] In 2007, defendants moved to Los Angeles, California to begin their own wholesale business (as sole shareholders and owners) called MSI.[6] MSI has since been dissolved by the state of California.[7]

The allegations in the complaint are as follows. Defendants placed orders for their customers on credit with ISA, but began to renege on their payments to ISA and withhold expired and returned goods.[8] ISA also claims that defendants placed orders for customers who had not authorized such orders.[9] When defendant Khan allegedly avoided Inayat's phone calls and presented him with false information, Inayat claims to have come to Los Angeles to locate ISA's stolen merchandise and confront the defendants.[10] ISA alleges that after this confrontation, defendants sold the stolen merchandise for a profit.[11] In its complaint, ISA prays for a judgment against defendants in the

---

[1] Dkt. 37.
[2] Complaint, ¶ 1.
[3] *Id.* ¶ 7.
[4] *Id.* ¶ 8.
[5] *Id.* ¶¶ 8-9.
[6] *Id.* ¶ 4.
[7] *Id.*
[8] *Id.* ¶¶ 11-19.
[9] *Id.* ¶ 20.
[10] *Id.* ¶¶ 22-30.
[11] *Id.* ¶ 35.

amount of $322,000.00, plus punitive damages, interest, and attorneys' fees and other costs expended in the course of this suit.[12]

Defendants first responded to the complaint by filing a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), which was denied by this court.[13] Next, defendants filed a motion to dismiss or for other sanctions, arguing that Inayat (one of ISA's main witnesses) should be deposed in Chicago and that if he could not appear in Chicago, the case should be dismissed.[14] The merits of this motion were never reached due to its termination as moot.[15]

## ANALYSIS

### 1. Location

On April 29, 2010, defendants' counsel (whose office is located in Chicago, Illinois) received two notices of deposition for each defendant.[16] The depositions were noticed for May 10, 2010 and were to be taken in ISA's counsel's office in Chicago.[17] This motion for a protective order alleges that noticing the depositions for Chicago would unduly burden the defendants. Defendants argue that they are presently short of funds and that because one of ISA's witnesses, Inayat, will be in California in the near future, the depositions should take place in California.[18]

The first question before this Court is whether the defendants should be protected from being deposed in Chicago, Illinois. A court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . by specifying the terms, including time and place, for the disclosure of discovery."[19] The party moving for the protective order

---

[12]*Id.* at 12.
[13]Memorandum Opinion and Order by Judge Wayne R. Anderson (Sept. 28, 2009) [dkt 1:09-cv-03942].
[14]Defendants' Memorandum in Support of Motion to Dismiss or For Other Sanctions 7.
[15]Minute Order by Judge Susan E. Cox (May 4, 2010) [dkt 1:09-cv-03942].
[16]Defendants' Motion for Protective Order 2.
[17]*Id.*
[18]*Id.*
[19]FED. R. CIV. P. 26(c)(1)(B).

has the burden of showing "good cause" in order to receive this protection from the court.[20] The courts, in turn, have broad discretion to determine the appropriate place of a noticed deposition.[21]

In determining the appropriate place of a noticed deposition, there is an initial presumption that a defendant (especially a corporate defendant) should be deposed at its principal place of business or residence.[22] However, defendants' corporation MSI has been dissolved by the state of California, and, therefore, this presumption is not outcome determinative. There are a number of factors that may override the presumption and may persuade the court to require that the depositions be conducted in the forum district or some other place.[23] First, the court will consider the cost of transportation and the lost work to the defendant, along with the expense and inconvenience of moving large amounts of documents.[24] Next, the court will take the following factors into account:

(1) Counselors for the parties are located in the forum district.
(2) The defendant is a large corporation whose employees often engage in travel, only one or two employees will be required to travel to the deposition, and the document production is not oppressive.
(3) Significant discovery disputes may arise and judicial economy favors resolution by the forum court or other similar concerns.
(4) The nature of the claim and the relationship of the parties are such that an appropriate adjustment of the equities favors a deposition site in the forum district.[25]

In this case, the factors indicate that the defendants should be deposed in Chicago. First, the cost of transportation for defendants to travel from Los Angeles to Chicago is not unduly burdensome or expensive. A round-trip ticket from Los Angeles to Chicago is *de minimis* when compared to the amount in dispute in this case (which at the lowest estimate is over $300,000.00).[26]

---

[20]*Sears v. Am. Entm't Group, Inc.*, No. 94 C 0165, 1995 WL 66411, at *1 (N.D. Ill. Feb. 13, 1995).
[21]*Chris-Craft Indus. Products, Inc. v. Kuraray Co.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999).
[22]*Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988).
[23]*Turner*, 119 F.R.D. at 383.
[24]*Id.*
[25]*Id.*
[26]*See Sears*, 1995 WL 66411, at *2 (finding that the cost of a round-trip ticket from Chicago to Toronto, Canada with two weeks notice was inconsequential when compared to the amount in dispute between the parties).

With respect to lost work, the cases addressing this issue are generally concerned with lost work time as a result of forcing executives or a large number of employees to be deposed in a way that would unduly burden the corporation.[27] In this case, however, defendants are no longer owners and shareholders of MSI, as that corporation was dissolved by the state of California. Defendants claim that if their depositions are taken in Chicago, they will face undue burden or expense. Defendant Khan claims to work for Verizon Wireless making $10.00 per hour,[28] while defendant Shpolyanskaya claims to be a full-time student, as well as a clerk for a law firm.[29] Defendants appear to be asserting that under these circumstances, travel to Chicago for their depositions would be unduly expensive and burdensome. However, courts have held that without a sufficient showing from a deponent that he lacks the funding to pay the expenses of taking a deposition, there will be no finding of undue hardship.[30] Defendants have failed to demonstrate that they lack the means to travel to Chicago and therefore have not shown good cause.

Further, the factors mentioned above militate in favor of deposing defendants in Chicago. First, attorneys for both parties are located in Chicago and would have to travel to California.[31] Second, courts will issue protective orders when the transportation of documents for the deposition would be unduly burdensome.[32] On the other hand, courts will not issue protective orders for deponents who are in charge of the particular matter or who are in possession of the particular information sought in a deposition.[33] In this case, Khan and Shpolyanskaya are the only two deponents. Defendant Khan has not provided an affidavit stating that he is an indispensable employee

---

[27]*See Chris-Craft*, 184 F.R.D. at 607.
[28]Defs.' Mot. for Protective Order 2.
[29]*Id.*
[30]*See Sears*, 1995 WL 66411, at *2 (finding plaintiff's claim of financial hardship to be unsubstantiated and unconvincing because he failed to represent and demonstrate that he lacked sufficient funds to pay the expenses of taking a deposition).
[31]*Resolution Trust Co. v. Worldwide Ins. Mgmt.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992).
[32]*See Turner*, 119 F.R.D. at 383.
[33]*See Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 96 (S.D.N.Y. 1968).

to his employer, Verizon Wireless. Defendants have also failed to provide an affidavit stating that the costs of document production and transportation would be prohibitive, particularly when their lawyer would have to travel to California anyway, presumably at their expense.[34] More importantly, Defendants were the sole owners and shareholders of MSI at the time of the incidents giving rise to the immediate claim. They are the only two individuals possessing the relevant information being sought in the noticed depositions.[35]

Defendants further argue that the depositions should proceed in California because of Inayat's future presence in that state.[36] However, as ISA correctly points out, defendants themselves have insisted that Inayat be deposed in Chicago.[37] Defendants noticed the deposition of Inayat in January 2010, well before the depositions in dispute here.[38] The facts surrounding Inayat's current state (as outlined in open court) dictate that he be deposed in California. The fact that his deposition is taking place there has no bearing on whether defendants' witnesses should be deposed in California, rather than here in the forum district.

For these reasons, this Court denies defendants' request that the depositions take place in California and finds that the defendants' depositions must be taken in Chicago.

**2. Costs**

The second question before the Court is how the costs associated with the depositions will be allocated among the parties. Defendants have requested that ISA be required to pay for the costs

---

[34]*See Turner*, 119 F.R.D. at 383 (finding that the cost of transporting employee and any documents has not been shown to be exceptional).
[35]*See Tomingas*, 45 F.R.D. at 97 (holding that two engineers must be deposed as they were the only two employees who actually participated in the accident investigation at issue).
[36]Defs.' Mot. for Protective Order 3.
[37]Defs.' Memorandum in Support of Motion to Dismiss or For Other Sanctions 7.
[38]*See id.* at 2.

associated with the depositions, including the travel expenses of their counsel. On this point, courts have discretion to determine which party should bear the costs associated with a deposition.[39] Courts have held that plaintiffs should bear the travel, hotel and meal costs for defendant's witnesses when plaintiffs insist on taking depositions in a forum other than the defendant's principal place of business.[40] When protective orders are denied, courts often shift the travel costs of the moving party to the non-moving party, as the non-moving party is usually spared considerable expenses when depositions take place in the forum district.[41]

In this case, it is true that ISA will be spared considerable expenses in having the defendants deposed in Chicago rather than Los Angeles. However, though defendants claim to be relatively penurious and short of funds, neither defendant has provided sufficient documentation to support this contention. The Court has not been given a reason to shift the burden of travel costs to ISA, and, therefore, defendants' request that ISA cover the costs of the depositions is denied.

## CONCLUSION

For the foregoing reasons, this Court denies defendants' motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c). The motion is moot with respect to the timing of the depositions. The motion is denied insofar as it requests the Court to order that the depositions be taken in California. The request that ISA cover the costs associated with the depositions is also denied.

---

[39]*Resolution Trust*, 147 F.R.D. at 128.
[40]*See New Medium*, 242 F.R.D. at 469 (holding that plaintiff should bear the travel, hotel and meal costs for three technical witnesses residing in Japan to be deposed in Chicago because plaintiff insisted that it would be more convenient for them).
[41]*Cadent Ltd. v. 3M Unitek Co.*, 232 F.R.D. 625, 630 (C.D. Cal. 2005).

**IT IS SO ORDERED.**


**ENTERED:   June 3, 2010**

_____
**United States Magistrate Judge**
**Susan E. Cox**